# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NOEL COVARRUBIA,**

          **Plaintiff,**

  v.

**STATE OF OHIO, et al.,**

          **Defendants.**

Case No. 2:17-cv-618
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Noel Covarrubia, a Florida resident who is proceeding without the assistance of counsel, brings this action against the State of Ohio, Hocking County, Ohio, the City of Logan, Ohio, Hocking County Sherriff's Department, Larry E. Beal, Kevin Groves, John T. Wallace, and Hocking County Child Support. (Doc. 1-2). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed for failure to state a claim upon which relief can be

granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Todd v. Baker*, No. 2:06 CV 0889, 2006 WL 3834308, at *1 (S.D. Ohio Dec. 29, 2006), *report and recommendation adopted*, No. 2:06-CV-0889, 2007 WL 188740 (S.D. Ohio Jan. 22, 2007) (citing *Conley v. Gibson,* 355 U.S. 4l, 45–46 (l957)).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

The relevant facts underlying Plaintiff's sixty-two page Complaint, although lacking detail and unclear in some instances, are summarized as follows. On December 26, 1997, Plaintiff was arrested by Defendant Deputy Sherriff Officer Kevin Groves, after he had arrived at his ex-wife's home at 1:00 a.m. to visit his minor children in an apparent violation of a Florida Court Order. (*Id.* at 5-6). Plaintiff alleges, *inter alia*, that he was wrongfully arrested at that time, that he was coerced and intimidated by Defendant Groves, that he was the victim of racial discrimination and police brutality, and that his "right hand was severed damaged and his back was bleeding" as a result of the arrest. (*Id.* at 5–6, 17, 23, 51). Further, Plaintiff states that as a result of his arrest, the Hocking County Sherriff's Department interfered with his constitutional rights to see his children. (*Id.* at 6).

Plaintiff's Complaint also contains numerous allegations against his defense attorney, John T. Wallace. These claims include that Defendant Wallace never "question[ed] the actions done by Defendant [Groves]," (*id.* at 6), "failed to advise Plaintiff [] of the consequences for pleading guilty" (*id.* at 7), and failed to review his sentencing deal (*id.* at 28). Plaintiff also claims his right to a speedy trial was violated (*id.* at 10) and that he was the victim of a hate crime and malicious prosecution at the hands of Defendant Prosecutor Larry Beal during his February 1999 trial (*id.* at 14, 34). Plaintiff states that he informed the Department of Justice of this wrongdoing in August 1998.

Although not clear, it appears that Plaintiff was imprisoned from December 26, 1997, until April 1998. (*See id.* at 8). During this time, Plaintiff alleges that he was tortured on a daily basis, did not receive the proper medication for his diabetes, was refused to be given a Jewish Bible, and was never served any kosher meals despite his requests. (*Id.* at 8). Following his release in April 1998, Plaintiff was deported to Venezuela. (*Id.* at 10, 31). Plaintiff's complaint states that upon returning to Venezuela, he was arrested and tortured. (*Id.* at 31).

Plaintiff seeks, *inter alia*, "compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in the amount of: $ 5 Billion USD Dollars from the State of Ohio and Hocking County, Ohio," as well as special damages, punitive damages, and attorney's fees. (*Id.* at 61).

## III. DISCUSSION

Plaintiff's cover sheet indicates that the Complaint "asserts causes of action under § 1983 and § 1985, as well as state law claims for malicious prosecution, abuse of process, conspiracy,

3

and intentional infliction of emotional distress." (Doc. 1-2 at 1). The Court will proceed under the assumption that these are the only causes of action Plaintiff intended to allege.

The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Boddie v. Barstow*, No. 2:14-CV-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), *report and recommendation adopted*, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989). Claims arising in Ohio under 42 U.S.C. § 1985 are also governed by a two-year statute of limitations. *Id.* (citing *Sykes v. United States,* 507 F. App'x 455, 462 (6th Cir. 2012) (applying the same two-year statute of limitations to claims pursuant to sections 1983 and 1985 and citing *Browning* ).

"Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County,* 90 F. App'x 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*"). This Court has applied that rule in cases screened under § 1915A. *Id.* (citing *Smith v. Warren County Sheriff's Dept.,* 2010 WL 761894 (S.D. Ohio March 2, 2010). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

Here, it is clear that all of the conduct alleged in the Complaint did not occur within the applicable two-year period. Instead, the allegations took place almost twenty years ago, between December 1997 and April 1998. (*See generally* Doc. 1-2). Plaintiff does not directly address the statute of limitations issue, but asserts in his Complaint that he "ha[s] worked hard to find all the

4

necessary evidence" and "after so many years of searching for all the evidence to prove what was done . . . it's time to set the record straight and once and for all clean Plaintiff Noel Covarrubia's record." (Doc. 1-2 at 15). However, this is not a valid legal excuse for failing to file his action within the applicable limitations period. *Todd*, 2006 WL 3834308, at *2. Thus, it is recommended that the Complaint be dismissed for failure to state a claim.

To the extent that Plaintiff has sufficiently asserted state law claims, "those claims should not be heard by this Court because there is no viable federal law claim pleaded in the complaint." *Boddie*, 2014 WL 2611321, at *3 (citing 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [over which there is no original jurisdiction] if ... (3) the district court has dismissed all claims over which it has original jurisdiction")).

## IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: August 3, 2017                    /s/Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE