THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOEL COVARUBBIA,

    **Plaintiff,**

v.

    Case No. 2:17-cv-618
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Kimberly A. Jolson

STATE OF OHIO, *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Objection (ECF No. 4) to the Magistrate Judge's August 3, 2017 Report and Recommendation (Rep. & Rec., ECF No. 3). Plaintiff is proceeding *pro se*, the Court having granted his motion to proceed *in forma pauperis* (Rep. & Rec., ECF No. 3, at p. 1). The Magistrate Judge has recommended that this case be dismissed. The Court has reviewed this matter *de novo*, including the arguments presented in Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 4.) The Court is persuaded by the Magistrate Judge's thorough presentation of the facts and analysis of the law, and concurs that this suit is time-barred.

As explained in the Magistrate Judge's Report and Recommendation, the statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Boddie v. Barstow*, No. 2:14-CV-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), *report and recommendation adopted*, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Claims arising in Ohio under 42 U.S.C. § 1985 are also governed by a two-year statute of limitations. *Id.* (citing *Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012) (applying the

same two-year statute of limitations to claims pursuant to sections 1983 and 1985 and citing *Browning*). Here, it is clear that all of the conduct alleged in the Complaint did not occur within the applicable two-year period. Instead, the allegations took place almost twenty years ago, between December 1997 and April 1998. (*See generally* ECF No. 1-2).[1]

To the extent that Plaintiff has sufficiently asserted state law claims, "those claims should not be heard by this Court because there is no viable federal law claim pleaded in the complaint." *Boddie*, 2014 WL 2611321, at *3 (citing 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [over which there is no original jurisdiction] if ... (3) the district court has dismissed all claims over which it has original jurisdiction")).

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3). The Plaintiff's Objection is **OVERRULED** (ECF No. 4). For the reasons discussed in the Magistrate Judge's Report and Recommendation, this case is **DISMISSED**.

Accordingly, the Court **DIRECTS** the Clerk to **DISMISS** this case and any and all motions pertaining to this case, and remove this matter from the docket.

**IT IS SO ORDERED.**

12-5-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] "Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County*, 90 F. App'x 814, *1 (6th Cir. January 26, 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*"). This Court has applied that rule in cases screened under 28 U.S.C. § 1915A. *Id.* (citing *Smith v. Warren County Sheriff's Dept.*, 2010 WL 761894 (S.D. Ohio March 2, 2010). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.